UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| WILLIAM N. BILLUPS,<br><br>    Petitioner,<br><br>V.<br><br>USA,<br><br>    Respondent. | Civil Action No. 5: 18-380-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner William N. Billups is a prisoner confined in state custody at the Northpoint Training Center in Burgin, Kentucky. Proceeding without an attorney, Billups previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Billups' motion to waive payment of the $5.00 filing fee was denied and he was directed to pay the fee within twenty-one days of the order denying his motion. [R. 6] After the Court's deadline passed with no response from Billups, the Court denied Billups' petition without prejudice. [R. 7] However, after the case was dismissed, Billups paid the filing fee and filed a motion to reinstate his petition. [R. 8, 9]

Although the Court will grant Billups' motion and re-open this case, it will, nevertheless, dismiss it as an abuse of the writ and because it is without merit. Pursuant to 28 U.S.C. § 2243, this Court is required to conduct an initial screening of Billups' petition. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Although this case has been docketed as a § 2241 habeas petition for administrative purposes, the document filed in this case, which is styled as a "motion for relief from judgment or order and/or, in the alternative, petition for writ of habeas corpus," purports to also be a motion filed pursuant to Federal Rule of Civil Procedure 60(b)(5) seeking relief from orders entered by the United States District Court for the Western District of Kentucky. [R. 1] Pursuant to this motion/petition, Billups seeks "relief from the detainer based on a federal arrest warrant lodged against [Billups] by the United States Marshal for the Western District of Kentucky pursuant to an alleged violation of supervised release" imposed in his criminal case in the Western District. [*Id*.]

The facts underlying Billups' request for relief from his detainer in this case were previously set forth by a United States Magistrate Judge for the Western District of Kentucky in his Findings of Fact, Conclusions of Law and Recommendation, recommending that an identical Rule 60 motion/habeas petition field by Billups in that Court be dismissed. As explained by the Magistrate Judge,

> Billups is currently serving a fifteen-year sentence at the Northpoint Training Center detention facility in Boyle County, Kentucky for burglary and violating Kentucky's persistent felony offender statute. Besides his recent state court convictions, Billups has been under the United States Probation Office's supervision since 2001 following convictions for mail theft and conspiracy to defraud the United States. After serving a fifteen-month federal sentence, Billups was released in March 2001 subject to thirty-six months of supervised release. Billups violated the conditions of his supervised release in October 2001, and the Court subsequently sentenced him to six months incarceration to be followed by thirty months of supervised release. Following the completion of his six-month sentence in March 2002, Kentucky state officials immediately took Billups into custody because of a detainer they had lodged against him.
>
> Billups remained incarcerated on state charges until he was released in July 2009. Following his release, Billups began serving his thirty months of supervised release from 2002. Before his supervised release was to terminate on December 29, 2011, state police arrested Billups three times for three separate offenses taking place in July 2010, May 2011, and September 2011. Based on these arrests, the Court issued a warrant for Billups's arrest on December 29, 2011 for potentially violating the terms of his supervised release. Federal officials could not execute the arrest

2

> warrant, however, because Billups was incarcerated in state prison for his September 2011 offense. Prior to the expiration of his sentence for the September 2011 crime, Billups was convicted of the July 2010 and May 2011 offenses and sentenced to an additional fifteen years in a state correctional facility (Northpoint Training Center). Based on the outstanding arrest warrant, the United States lodged a detainer on Billups in January 2012. That detainer serves as the basis for Billups's instant motion.

*United States v. Billups*, No. 3:17-cv-301-TBR-CHL (W.D. Ky.) at R. 14, p. 1-2.

In Billups' prior habeas case, the Magistrate Judge noted that Billups' motion (which, again, is identical to the motion he has filed in this Court) "will be the *sixth* time the Court has ruled on a request from Billups to have the federal detainer dismissed." *Id*. at p. 3 (emphasis in original) (citing to the Court's rulings on Billups' previous filings in his criminal case, *United States v. Billups*, No. 3:99-cr-135-GNS-CCG (W.D. Ky.) at R. 199, 206, 208, 210 and 212). In his Opinion, Report, and Recommendation, the Magistrate Judge recommended that the District Court bar Billups from reasserting his claim based on Rule 60(b) under the doctrine of issue preclusion, as that claim had already been raised and rejected in Billups' criminal action. *Billups v. United States*, No. 3:17-cv-301-TBR-CHL (W.D. Ky.) at R. 14, p. 7.

To the extent that Billups sought habeas relief, the Magistrate Judge found that, as a procedural matter, Billups' request was improper because the Western District of Kentucky is not the proper forum in which his § 2241 petition may be adjudicated. *Id*. at p. 7. Rather, since Billups is incarcerated in Boyle County, Kentucky, which is in the Eastern District of Kentucky, he should have filed his claim in this judicial district. *Id*. However, the Magistrate Judge recommended dismissal of the petition rather than transfer because, regardless of where Billups brings it, his petition is improper because a prisoner may not bring a § 2241 habeas suit without first demonstrating that he cannot obtain the relief he seeks through a habeas petition filed pursuant to either 28 U.S.C. § 2255 or 28 U.S.C. § 2254 petition, which Billups did not do. *Id*. at p. 7-8. The

3

District Court adopted the Magistrate Judge's Findings of Fact and Conclusions of Law and the Recommendation that Billups' motion/petition be denied, specifically agreeing that transfer of the case to this district would be futile "because Billups's suit under § 2241 itself is improper regardless of where he brings it" because of his failure to demonstrate that he cannot obtain the relief he seeks through either a § 2255 or a § 2254 habeas petition. *Id*. at R. 16, p. 6.

Billups has now filed his motion/petition in this Court, once again seeking relief from the federal detainer lodged against him in January 2012 by filing an identical copy of the same motion/petition he has filed repeatedly in the Western District of Kentucky. [R. 1] However, as explained above, this request for relief has already been denied multiple times by the United States District Court for the Western District of Kentucky. Indeed, this exact motion/petition was denied in *Billups v. United States*, No. 3:17-cv-301-TBR-CHL (W.D. Ky.). Thus, because Billups' claims presented in his petition have already been considered and decided by the United States District Court in the Western District of Kentucky, the abuse of the writ doctrine bars Billups from relitigating those claims here.

While claims asserted in habeas proceedings are not, strictly speaking, subject to principles of claim and issue preclusion, *Woo Dong v. United States*, 265 U.S. 239, 241 (1924), a losing habeas petitioner may not simply shop his claims to a different court in hopes of obtaining a better result. Indeed, Congress has enacted a statutory prohibition against repeated presentment of successive petitions:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

4

28 U.S.C. § 2244(a). Under this provision, where, as here, the claims asserted have previously been determined by another court in a prior habeas petition, the district court may dismiss the petition. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Thunder v. U.S. Parole Com'n.*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1 (6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served.").

In this case, the Western District of Kentucky has directly rejected Billups' claim that he is entitled to relief from the federal detainer. While, on one occasion, the Court noted that Billups' habeas claim was procedurally defective because it was not filed in this district, which is his district of confinement, the Court found that his habeas claim was still improper, as Billups had failed to make any demonstration showing that habeas relief under § 2255 or § 2254 is unavailable to him. Allowing Billups to relitigate a claim that he actually raised in a prior petition would condone an impermissible successive petition, which this Court will not permit. *See Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (*citing Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985)). *See also Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012).

Moreover, even aside from this procedural problem, this Court agrees that Billups' petition fails to state a claim for habeas relief. To the extent that Billups relies on Rule 60(b) of the Federal Rules of Civil Procedure, this Court has no authority to provide Billups with relief from an order entered by another Court in a different judicial district. In addition, as noted by the Western District Court, not only is Billups precluded from re-raising this claim under the doctrine of issue

preclusion, but the claim is without merit, as Rule 60(b) does not apply to criminal proceedings. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011).

To the extent that Billups seeks habeas relief, this Court further agrees that he may not pursue relief in his § 2241 petition without first demonstrating that relief pursuant to § 2255 or § 2254 is unavailable to him. Indeed, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, establishing that the § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Because Billups has made no effort to make such a showing here, he may not pursue his claims in this § 2241 petition. Thus, his petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Billups' motion to re-open this case [R. 8] is **GRANTED**.

2. The Court's prior Order of Dismissal [R. 7] is **VACATED**.

3. The Clerk of the Court shall **RE-OPEN** this case and **RESTORE** it to the active docket of the Court.

4. Billups' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

5. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

6. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated December 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY